ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Equine Architectural Products, Inc. ) ASBCA No. 59743
)
Under Contract No. W91ZLK-12-P-0037 )

APPEARANCE FOR THE APPELLANT: Donald J. Walsh, Esq.
Offit Kurman, P.A.
Owings Mills, MD

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Cameron R. Edlefsen, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE DELMAN ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The Department of the Army (government) has moved to dismiss this appeal for lack of jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, contending that Equine Architectural Products, Inc. (EAP or appellant) has failed to submit a claim in a sum certain to the contracting officer (CO). EAP has filed in opposition to the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In February 2012, the government awarded Contract No. W91ZLK-12-P-0037 to EAP for the demolition and removal of railroad and related facilities at Aberdeen Proving Ground (APG), Maryland (compl., ex A).

2. By Modification No. P00002 dated 25 July 2012, the government issued a Stop-Work Order to appellant in accordance with FAR 52.242-15 (AUG 1989) (compl., ex. A). According to appellant, approximately 51 days later the government notified appellant that the contract was being terminated for convenience (compl. ¶ 15).[1] By cover letter dated 21 December 2012, appellant submitted a termination proposal to the government (compl., ex. B). The record is unclear as to the disposition of this termination proposal.

---

[1] The Board is unable to locate the contract modification that terminated the contract for convenience in the government's Rule 4 file.

3. By letter to the government dated 7 January 2014, appellant stated as follows:

> Please accept this letter as an official claim under the above contract pursuant to the [CDA].
>
> ....
>
> This claim is for return to Equine of all property which existed within that 15 foot area, including the 14 miles of rail, at the time of that mobilization. Much of this equipment is noted per drawings titled *APG: North Rail Lines* dated March 27, 2012. By the direct language of the contract, title to this property passed to Equine at the time of contracting. This claim is for possession and return of all such property which now belongs to Equine and which it has been prevented from removing by the government.

Appellant's claim letter concluded as follows:

> I certify that I have reviewed this claim and that it is made in good faith, the supporting data is accurate and complete to the best of my knowledge and belief, that the property requested is accurately reflected in the contract under which Equine believes the Government is liable; and that I am duly authorized to certify this claim on behalf of Equine.

(Compl., ex. C at 1-2) Appellant did not provide any "sum certain" in its claim letter, nor did it reference any other document that contained a "sum certain."

4. In the ensuing weeks, the parties discussed the quantum of appellant's "claim." By email to the government dated 28 January 2014, appellant's counsel advised as follows:

> Thanks for the update. I also had my client put together a list of what he knew was on the tracks based on his observations and conversations. Attached is a listing of materials and equipment within the 15' footprint that my client pieced together based on those observations and conversations. It does not currently include buildings or structures within that footprint nor does it include property on the rails in the Edgewood Arsenal Area since Equine

2

was not given any maps and or the opportunity to do a detailed site survey. Based on this limited area, we believe the scrap in this area totals approximately $6,986,832.00.

(Gov't reply, ex. 1) Appellant did not certify this amount.

5. By letter to the government dated 7 May 2014, captioned "FOR SETTLEMENT PURPOSES ONLY," appellant's counsel stated:

> [I]f the Garrison is not willing to release the property to Equine as contracted, we feel that the total claims presented by Equine consist of the following costs and expenses:
>
> - Value of the rail, ties and ballasts - $2,220,000;
> - Value of the equipment within the 15 foot radius to the rail - $4,400,000;
> - The carrying cost of equipment Equine purchased for this project which has been sitting idle since the stop work notice was issued but had to remain ready and available to remove Equine's equipment from the base once released - $1,300,000;
> - If the above values are not computed at 2012 prices, the damages will also include the decreased value of the scrap because of the Government's delay - $1,300,000; and
> - the legal costs in preparing and resolving the claims - $50,000.
>
> We estimate that the total value of these costs and impacts is $9,250,000.00.

(Compl., ex. D) Appellant did not certify this amount.

6. Having failed to receive a CO's decision, appellant, on or about 12 December 2014, filed a notice of appeal to this Board on a "deemed denial" basis, stating that its total losses exceeded $10,000,000.00.

7. By letter to EAP dated 15 December 2014, the CO denied appellant's claim dated 7 January 2014, referencing a property list provided by appellant with an estimated total scrap value of $6,986,832.00 (compl., ex. E).

DECISION

Under the CDA, a prerequisite to our jurisdiction over a contractor claim is the submission of the claim for decision to the CO and either the issuance of a decision denying the claim in whole or in part, or the failure to issue a decision within a reasonable time as defined by the CDA, 41 U.S.C. § 7103(f).

The CDA does not define "claim", but the FAR does. Insofar as is pertinent here, FAR 2.101 provides as follows:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under the Contract Disputes Act of 1978 until certified as required by the Act.

In accordance with this definition, it is well settled that for purposes of our jurisdiction a contractor's monetary claim must be submitted to the CO in a "sum certain." *Northrop Grumman Computing Systems, Inc. v. United States*, 709 F.3d 1107, 1112 (Fed. Cir. 2013). We believe that appellant's claim is essentially a monetary claim. Therefore, appellant was required to submit its claim to the CO in a sum certain.

Appellant's letter of 7 January 2014, which it expressly identified as its "claim," did not contain a "sum certain," nor did it refer to any document asserting a sum certain, nor did it describe its monetary claim with such particularity as to enable the CO to easily compute a sum certain (SOF ¶ 3). We believe that appellant failed to submit its claim letter dated 7 January 2014 in a sum certain as required by law, and hence we have no jurisdiction over this appeal based on this submission alone.

Appellant suggests that we go beyond the confines of the 7 January 2014 letter and view other communications to the government to determine whether appellant submitted a proper claim under the CDA. Appellant's subsequent email to the government, dated 28 January 2014, asserted a value of the scrap in a limited area in the approximate amount of $6,986,832.00 (SOF ¶ 4). Appellant's letter to the government dated 7 May 2014, which appellant states represents the total value of its claim, was in the amount of $9,250,000.00 (SOF ¶ 5).

4

Assuming, *arguendo*, that EAP's subsequent quantification of 7 May 2014 constitutes a legally sufficient "sum certain," it nevertheless runs afoul of the CDA's certification requirement. Under the CDA, a monetary claim in excess of $100,000 must be certified, 41 U.S.C. § 7103(b)(1). Appellant's monetary claim of 7 May 2014, based on appellant's later submissions, is in excess of $100,000. However, appellant failed to provide any certification of the monetary amount it requested.[2] We are without jurisdiction over the appeal for this reason.

## CONCLUSION

For reasons stated, we conclude that we are without jurisdiction over this appeal. We dismiss ASBCA No. 59743 without prejudice to appellant's submission of a properly certified claim to the CO.

Dated: 4 June 2015

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] *See* 41 U.S.C. § 7103(b)(1)(C), requiring that a contractor's certification provide that "the **amount requested** accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable" (emphasis added).

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59743, Appeal of Equine Architectural Products, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals